## CIRCUIT COURT OF HENRICO COUNTY

Ronald R. Harris

v.

Richfood, Inc.

### November 14, 1985

### Case No. 84-L-340

By JUDGE JOSEPH F. SPINELLA

The Court has reviewed the evidence and the memoranda filed by each party and makes the following findings.

The factual situation is not in dispute. The defendant owns and operates a wholesale business in Henrico County and as an essential part of that business operation, the defendant corporation owns and maintains a warehouse in which it receives and stores various and many items of merchandise from various manufacturers, and from which it fills specific orders, and loads and delivers to its customers.

In this instance, the defendant had purchased a quantity of candy from either a manufacturer or a supplier of the product and made arrangements for delivery of same to its warehouse by the manufacturer or supplier as part of the transaction. The supplier in turn employed or contracted with Carolina Freight Company to handle the delivery of the merchandise to the defendant's warehouse. The plaintiff was the employee of Carolina Freight and his instructions were to deliver and unload the candy and place it in the warehouse in an area designated by the employees of the defendant. The plaintiff reached the warehouse of the defendant and followed the procedure normally followed by persons delivering merchandise to the defendant. The defendant provides electric power hand

jacks for use by anyone unloading merchandise and the plaintiff was in the process of unloading merchandise and placing it in the warehouse, using such an electric power hand jack, when he backed into a protruding steel plate on one of the posts thereby causing injury to his hand. The evidence further indicates that employees of the defendant are engaged in loading and unloading of trucks and trains, and approximately 29% of the merchandise received is handled by employees of the defendant.

The question presented is whether or not the plaintiff's injury arose out of his employment, making him a statutory employee within the meaning of the Workmen's Compensation Act, which bars plaintiff's common law action against the defendant.

Virginia Code § 65.1-29 states:

> When any person (in this section and §§ 65.1-1 and 65.1-32 referred to as "owner") undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section and Sections 65.1-31 to 65.1-34 referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if the workman had been immediately employed by him.

The purpose of this section and §§ 65.1-30 and 65.1-34 of the Code of Virginia has been clearly stated in a number of cases.

In the case of *Sykes* v. *Stone & Webster Engineering Corp.*, 186 Va. 116, 41 S.E.2d 469 (1947), the Court stated:

> It clearly appears to be the purpose . . to bring within the operation of the Compensation Act all persons engaged in any work that is a part of the trade, business or occupation of the original party who undertakes as owner, or contracts as contractor, to perform that work, and to make liable to every employe[e]

engaged in that work every such owner, or contractor and subcontractor, above such employee. . .

The Court in the *Sykes* case also held that:

the code section was applicable only to cases in which there were at least four persons in interest, namely:
(1) An owner or other person having the work executed for himself; (2) an independent contractor who has undertaken to execute the work for the person first mentioned; (3) a subcontractor with whom the independent contractor has contracted to do the whole or some part of the work; and (4) a workman "employed in the work."

In this case the owner was the defendant Richfood Corporation, the independent contractor was the candy supplier, the subcontractor was Carolina Freight and the workman was the plaintiff.

The key to the case appears to be whether or not Richfood is in the business of loading and unloading merchandise from trucks. According to the evidence, a survey of the business of Richfood indicated that in 1982, the year in question, Richfood used its personnel to unload 29% of the total goods delivered by truck, and in 1983, 33% of the goods offloaded from trucks. It therefore appears that part of the business of Richfood was to have their employees load and unload trucks delivering goods to the warehouse.

It is therefore the opinion of the Court that the plaintiff is covered by Workmen's Compensation and that Richfood was the statutory employer and that this action is therefore barred.